**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AGDP HOLDING INC., *et al.*,[1] | Case No. 25-11446 ([•]) |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING**
**(A) THE DEBTORS TO REDACT CERTAIN PERSONALLY IDENTIFIABLE**
**INFORMATION AND (B) ELECTRONIC NOTICING PROCEDURES FOR**
**CUSTOMERS; AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state the following in support of this motion (the "Motion"):[2]

**RELIEF REQUESTED**

1.      The Debtors seek entry of an order (the "Proposed Order"), substantially in the form

attached hereto as **Exhibit A**, (i) authorizing, but not directing, the Debtors to (a) redact certain

personally identifiable information from their consolidated list of creditors (the "Creditor Matrix"),

the Debtors' schedules of assets and liabilities and statements of financial affairs (the "Schedules

and Statements"), and other documents filed in these chapter 11 cases and (b) provide individual

Customers (as defined below) with electronic notice; and (ii) granting related relief.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of the Debtors' federal tax identification number, are AGDP Holding Inc. (6504); Avant Gardner, LLC (6504); AG Management Pool LLC (9962); EZ Festivals LLC (8854); Made Event LLC (6272); and Reynard Productions, LLC (5431).  The Debtors' service address is 140 Stewart Ave, Brooklyn, NY 11237, Attn: General Counsel.

[2] A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this Motion and the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Gary Richards in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"), filed contemporaneously herewith. Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the First Day Declaration.

## JURISDICTION AND VENUE

2.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion, to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory and legal bases for the relief requested in this Motion are sections 105 and 107 of title 11 of the United States Code (the "Bankruptcy Code"); Rules 1007, 2002(m), 9007, and 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and Local Rules 1001-1, 1007-2, and 2002-1.

## BACKGROUND OF THE DEBTORS

5.      The Debtors operate a multi-space entertainment venue complex, specializing in large-scale live entertainment—concerts, festivals, corporate functions, and multimedia events— and is known for state-of-the-art audiovisual production, including a 2022 upgrade featuring one of the world's highest-resolution video walls.  The Debtors focus on industry-leading production capabilities, immersive audiovisual experiences, and status as one of North America's largest standing-room-only entertainment venues.

6.      On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Court.  The Debtors continue to

33417521.4

operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No party has requested the appointment of a trustee or examiner in these cases, and no statutory committee has been appointed.

7.  Additional information regarding the Debtors' businesses, capital structures and circumstances preceding the Petition Date may be found in the First Day Declaration.

## BASIS FOR RELIEF REQUESTED

### I.  Redaction of Certain Personally Identifiable Information of Individuals Is Warranted

8.  The Debtors respectfully submit that it is appropriate to authorize the Debtors to redact from any paper filed with the Court in these chapter 11 cases—including, but not limited to, the Creditor Matrix, and the Schedules and Statements—the home and email addresses of individuals, including the Debtors' employees, former employees, and customers (the "Personal Identification Information"), because such information could be used to perpetrate identity theft or locate survivors of domestic violence, harassment, or stalking who have otherwise taken steps to conceal their whereabouts.[3]

9.  Section 107(c)(1) of the Bankruptcy Code provides:

> The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A) Any means of identification . . . contained in a paper filed, or to be filed, in a case under [the Bankruptcy Code].

---

[3] The risk is not merely speculative. In at least one chapter 11 case, the abusive former partner of a debtor's employee used the publicly accessible creditor and employee information filed in these chapter 11 case to track the employee at her new address that had not been publicly available until then, forcing the employee to change addresses again. The incident, which took place during the first Charming Charlie chapter 11 proceedings in 2017, is described in the "creditor matrix motion" filed in *In re Charming Charlie Holdings, Inc.*, No. 19-11534 (CSS) (Bankr. D. Del. July 11, 2019) [D.I. 4].

(B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1).

10.     If a debtor can show that disclosure of any "means of identification," or some "other information," creates "undue risk of identity theft" or "other unlawful injury," courts may intervene to curtail disclosure of that information. *Id.* Although the public has a common law "right of access to judicial proceedings and records," *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001), the Bankruptcy Code permits courts, in appropriate circumstances, to protect individuals from an undue risk of identity theft or other unlawful injury by limiting the public's access, placing papers under seal, or otherwise entering orders to prohibit the dissemination of sensitive information. *See* 11 U.S.C. § 107(c); *see also In re Cendant Corp.*, 260 F.3d at 194 (noting the public's right of access "is not absolute") (citation and internal quotation marks omitted); *Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) ("Although the right of access is firmly entrenched, so also is the correlative principle that the right is not absolute.") (citation and internal quotation marks omitted).

11.     Here, the Debtors submit that the personal mailing and email addresses of their individual creditors and customers fit squarely within section 1028(d)(7)(A) of title 18 of the United States Code and that disclosure of such information would create an undue risk of identity theft contemplated by section 107(c) of the Bankruptcy Code and would potentially cause other types of unlawful injury to these individuals, including potential future harassment from the Debtors' creditors.

12.     In addition to granting the requested relief, courts in this District have also expounded on the importance of authorizing debtors to redact personally identifiable information, including home addresses in particular. *In Art Van Furniture*, in overruling the objection of the

Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") to similar redaction relief proposed here, the court noted that the proposed redaction is not a "burden of proof" issue so "much as a common sense issue." Hr'g Tr. at 25:6–7, *In re Art Van Furniture, LLC*, No. 20-10533 (CSS) (Bankr. D. Del. Mar. 2020) [D.I. 82]. The court concluded that "at this point and given the risks associated with having any kind of private information out on the internet, [redaction] has really become routine [and] I think obvious relief." *Id.* at 25:13–16. Similarly, in *In re Clover Techs. Grp.*, the court overruled the U.S. Trustee's objection, noting that

> [t]o me it is common sense. I don't need evidence that there is, at best, a risk of identity theft and worse a risk of personal injury from listing someone's name and address on the internet by way of the court's electronic case filing system and, of course, the claims agent's website . . . . The court can completely avoid contributing to the risk by redacting the addresses. And while there is, of course, an important right of access we routinely redact sensitive and confidential information for corporate entities and redact individual's home addresses.

Hr'g Tr. at 24:21-25, 25:9-10, *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Jan. 22, 2020) [D.I. 146] (authorizing the debtors to redact personal identification information, including home address information, of all individuals on documents filed with the court).

13.    Likewise, in *Forever 21*, in overruling the U.S. Trustee's objection, the Court found that "[w]e live in a new age in which the theft of personal identification is a real risk, as is injury to persons who, for personal reasons, seek to have their addresses withheld." Hr'g Tr. at 60:22–25, *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019) [D.I. 605]; *see also In re Enjoy Technology Inc.*, Case No. 22-10580 (JKS) (Bankr. D. Del. July 1, 2022) (authorizing the debtors to file under seal the portions of the creditor matrix, the schedules and statements, and any related affidavits of service containing the home addresses of the debtors' current employees).

33417521.4

14.     The Debtors propose to provide to the Court, the U.S. Trustee, and counsel to any official committee appointed in these chapter 11 cases, on a confidential basis, an unredacted version of any documents that are filed in a redacted form pursuant to the Proposed Order.

15.     For these reasons, the Debtors respectfully submit that cause exists to authorize the Debtors to redact from the Creditor Matrix, the Schedules and Statements, and any other document filed with the Court, as applicable, in these chapter 11 cases, the Personal Identification Information because such information could be used to perpetrate identity theft or stalking.  With potentially thousands of individual creditors, the Debtors cannot reasonably know with sufficient certainty whether a release of such individual creditors' and interest holders' personal information could potentially jeopardize their safety.

## II.     Special Electronic Noticing Procedures for Customers

16.     Bankruptcy Rule 2002 establishes the general rule for notifying creditors in chapter 11 cases.  Specifically, Bankruptcy Rule 2002 proscribes the form and timing of notices to be sent to parties in interest in chapter 11 cases. Fed. R. Bankr. P. 2002(a).

17.     As set forth in the First Day Declaration, the Debtors operate a multi-space entertainment venue complex, specializing in large-scale live entertainment.  The Debtors sell tickets to their events through online platforms.  As of the Petition Date, the Debtors estimate that there are no less than approximately 90,000 current holders of tickets to upcoming events and thousands of holders of tickets to past events at the Debtors' facility (collectively, the "Customers") who may require service of various pleadings or other documents in these chapter 11 cases.[4]

---

[4] A more detailed description of the Debtors' customer programs is set forth in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to Maintain and Administer Certain Customer Programs and Practices, (II) Authorizing Debtors to Pay and Honor Related Prepetition and Postpetition Obligations, and (III) Granting Related Relief*, filed concurrently herewith.

33417521.4

6

18.     By this Motion, the Debtors seek authority to provide electronic service of any and all notices, documents, and pleadings filed in these chapter 11 cases that are required to be served on the Customers (the "Customer Pleadings") by email, which will reduce the cost and administrative burdens associated with providing such Customers with traditional means of service, reduce delay in providing notice, and provide the Debtors' estates with significant cost savings.

19.     If the Debtors were to provide actual notice by mail of pleadings and hearings to all such customers, the costs could be astronomical.  Furthermore, in the ordinary course of their business, the Debtors communicate with their Customers primarily through email. Providing the Customers with traditional forms of notice will be unduly burdensome and cost prohibitive.

20.     Accordingly, given the excessive costs of mailing notices to all current and former Customers, and because the Debtors communicate with their Customers by email in the ordinary course of business, the Debtors believe that the Customers will expect to receive notice from the Debtors electronically and that such measures will provide an efficient and effective means of service. The Debtors, together with their proposed claims and noticing agent, Kurtzman Carson Consultants, LLC dba Verita Global, have established the case website located at https://www.veritaglobal.net/AGDP (the "Case Website"), where, among other things, electronic copies of all pleadings, including the Customer Pleadings, filed in these chapter 11 cases shall be posted as soon as practicable, and may be viewed free of charge.

## NOTICE

21.     Notice of this Motion has been provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the thirty (30) largest unsecured claims against the Debtors; (c) Alter Domus (US) LLC, in its capacity as administrative agent and collateral agent under the Prepetition Financing Agreement and the DIP Facility; (d) counsel to

33417521.4

the DIP Lenders and Prepetition Term Loan Lender; (e) counsel to LiveStyle; (f) the United States Attorney's Office for the District of Delaware; (g) the Internal Revenue Service; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002.  Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m).  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of the page intentionally left blank]*

33417521.4

WHEREFORE, the Debtors respectfully request entry of the Proposed Order, substantially in the form attached hereto, granting the relief requested herein and granting such other relief as is just and proper.

Dated:    August 4, 2025
          Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Evan Saruk*
Sean M. Beach (No. 4070)
Edmon L. Morton (No. 3856)
Kenneth J. Enos (No. 4544)
S. Alexander Faris (No. 6278)
Sarah Gawrysiak (No. 7403)
Evan S. Saruk (No. 7452)
1000 North King Street
Rodney Square
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email:  sbeach@ycst.com
        emorton@ycst.com
        kenos@ycst.com
        afaris@ycst.com
        sgawrysiak@ycst.com
        esaruk@ycst.com

*Proposed Counsel to the Debtors and Debtors in Possession*

33417521.4

**<u>Exhibit A</u>**

**Proposed Order**

33417521.4

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AGDP HOLDING INC., *et al.*,[1] | Case No. 25-11446 ([•]) |
| Debtors. | (Jointly Administered) |

### ORDER (I) AUTHORIZING (A) THE DEBTORS TO REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION AND (B) ELECTRONIC NOTICING PROCEDURES FOR CUSOTMERS; AND (II) GRANTING RELATED RELIEF

Upon the motion ("Motion")[2] of AGDP Holding Inc., and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order"), (i) authorizing (a) the Debtors to redact certain personally identifiable information and (b) electronic notice procedures for customers and (ii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and opportunity for a hearing on the Motion having been given; and the relief requested in the Motion being in the best interests

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of the Debtors' federal tax identification number, are AGDP Holding Inc. (6504); Avant Gardner, LLC (6504); AG Management Pool LLC (9962); EZ Festivals LLC (8854); Made Event LLC (6272); and Reynard Productions, LLC (5431).  The Debtors' service address is 140 Stewart Ave, Brooklyn, NY 11237, Attn: General Counsel.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to them in the Motion.

of the Debtors' estates, their creditors, and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The relief requested in the Motion is GRANTED as set forth herein.

2.      The Debtors are hereby authorized to redact the home and email addresses constituting the Personal Identification Information of individuals listed on the Creditor Matrix, the Schedules and Statements, and any other documents filed with the Court in these chapter 11 cases.    The Debtors shall provide, on a confidential basis, an unredacted version of the Creditor Matrix, the Schedules and Statements, and any other filings redacted pursuant to this Order upon request to this Court, the U.S. Trustee, and counsel to any official committee appointed in these chapter 11 cases. The unredacted versions of the Creditor Matrix, the Schedules and Statements, and any other filings redacted pursuant to this Order shall not be made available to any other party without the consent of the Debtors or further order of this Court.

3.      Unless requested by any individual Customer, the Debtors shall not be required to serve hard copies of the Customer Pleadings upon the Customers who would otherwise be served with such hard copy notices or pleadings; provided that the Debtors shall instead provide notices and service of the Customer Pleadings to the Customers via email using the email address maintained by the Debtors in their books and records.

4.      When serving any notice in these chapter 11 cases on any individual person, including, the Debtors' employees, the Debtors' claims agent, and, where applicable, the Clerk of the Court, the Debtors shall use such person's residential address.  Nothing in this Order shall waive or otherwise limit the service of any document upon, or the provision of any notice to, any

33417521.4

individual person solely because such individual's residential address and/or email address is redacted pursuant to this Order.  Service of all documents and notices upon individual persons whose residential address and/or email address is redacted pursuant to this Order shall be made to their residential addresses and confirmed in the corresponding certificate of service.

5.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

6.    This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.