## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AGDP HOLDING INC., *et al.*,[1] | Case No. 25-11446 (MFW) |
| Debtors. | (Joint Administration Requested) |
| | **Ref: Docket No. 11** |

### NOTICE OF FILING OF *REVISED* PROPOSED INTERIM ORDER (I) AUTHORIZING AND DIRECTING THE BANKS AND PAYMENT PROCESSORS TO CEASE ANY HOLDS ON, OR REDIRECTION OF, CASH OR RECEIVABLES OF THE DEBTORS, (II) AUTHORIZING THE DEBTORS TO (A) CONTINUE USE OF THEIR EXISTING CASH MANAGEMENT SYSTEM, BANK ACCOUNTS, AND BUSINESS FORMS, (B) CONTINUE INTERCOMPANY TRANSACTIONS, (C) PAY RELATED OBLIGATIONS, AND (D) PAY AND HONOR PROCESSING OBLIGATIONS, (III) WAIVING CERTAIN INVESTMENT AND DEPOSIT GUIDELINES, AND (IV) GRANTING RELATED RELIEF

**PLEASE TAKE NOTICE** that, on August 4, 2025, the above-captioned debtors and debtors in possession (collectively, the "Debtors") *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing and Directing the Banks and Payment Processors to Cease Any Holds On, or Redirection of, Cash or Receivables of the Debtors, (II) Authorizing the Debtors to (A) Continue Use of their Existing Cash Management System, Bank Accounts, and Business Forms, (B) Continue Intercompany Transactions, (C) Pay Related Obligations, and (D) Pay and Honor Processing Obligations, (III) Waiving Certain Investment and Deposit Guidelines, and (IV) Granting Related Relief* [Docket No. 11] (the "Motion") with the United States Bankruptcy Court for the District of Delaware (the "Court"). A proposed form of order approving the Motion on an interim basis (the "Proposed Interim Order") was attached to the Motion as Exhibit A.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of the Debtors' federal tax identification number, are AGDP Holding Inc. (6504); Avant Gardner, LLC (6504); AG Management Pool LLC (9962); EZ Festivals LLC (8854); Made Event LLC (6272); and Reynard Productions LLC (5431). The Debtors' service address is 140 Stewart Ave, Brooklyn, NY 11237, Attn: General Counsel.

**PLEASE TAKE FURTHER NOTICE** that, subsequent to filing the Motion, the Debtors received informal comments to the Proposed Interim Order from the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"). Following discussions with the U.S. Trustee, the Debtors have agreed to a revised form of the Proposed Interim Order, attached hereto as **Exhibit 1** (the "Revised Proposed Interim Order"). For the convenience of the Court and all interested parties, a blackline comparing the Revised Proposed Interim Order to the Proposed Interim Order is attached hereto as **Exhibit 2**.

**PLEASE TAKE FURTHER NOTICE** that the Debtors intend to present the Revised Proposed Interim Order in connection with the Motion at the hearing scheduled for August 5, 2025 at 11:30 a.m. (ET) (the "Hearing"). The Debtors reserve all rights to modify the Revised Proposed Interim Order at or prior to the Hearing.

[*Remainder of page intentionally left blank*]

33427867.2

Dated:    August 5, 2025
          Wilmington, Delaware

**YOUNG  CONAWAY  STARGATT  &  TAYLOR, LLP**

*/s/ S. Alexander Faris*

Edmon L. Morton (No. 3856)
Sean M. Beach (No. 4070)
Kenneth J. Enos (No. 4544)
S. Alexander Faris (No. 6278)
Sarah Gawrysiak (No. 7403)
Evan S. Saruk (No. 7452)
1000 North King Street
Rodney Square
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email:  sbeach@ycst.com
        emorton@ycst.com
        kenos@ycst.com
        afaris@ycst.com
        sgawrysiak@ycst.com
        esaruk@ycst.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**<u>EXHIBIT 1</u>**

**Revised Proposed Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AGDP HOLDING INC., *et al.*,[1] | Case No. 25-11446 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Ref: Docket No. 11** |

**INTERIM ORDER**
**(I) AUTHORIZING AND**
**DIRECTING THE BANKS AND**
**PAYMENT PROCESSORS TO CEASE**
**ANY HOLDS ON, OR REDIRECTION OF,**
**CASH OR RECEIVABLES OF THE DEBTORS,**
**(II) AUTHORIZING THE DEBTORS TO (A) CONTINUE**
**USE OF THEIR EXISTING CASH MANAGEMENT SYSTEM, BANK**
**ACCOUNTS, AND BUSINESS FORMS, (B) CONTINUE INTERCOMPANY**
**TRANSACTIONS, (C) PAY RELATED OBLIGATIONS, AND (D) PAY AND HONOR**
**PROCESSING OBLIGATIONS, (III) WAIVING CERTAIN INVESTMENT AND**
**DEPOSIT GUIDELINES, AND (IV) GRANTING RELATED RELIEF**

Upon the motion ("Motion")[2] of AGDP Holding Inc., and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors"), for entry of an interim order (this "Interim Order") (i) authorizing and directing the Banks and Payment Processors to cease any holds on, or redirection of, cash or receivables of the Debtors, (ii) authorizing, but not directing, the Debtors to: (a) continue use of their existing cash management system, bank accounts, and business forms; (b) continue intercompany transactions; (c) pay obligations related thereto; and (d) pay or otherwise honor the Processing Obligations; (iii) waiving certain investment and deposit

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of the Debtors' federal tax identification number, are AGDP Holding Inc. (6504); Avant Gardner, LLC (6504); AG Management Pool LLC (9962); EZ Festivals LLC (8854); Made Event LLC (6272); and Reynard Productions, LLC (5431). The Debtors' service address is 140 Stewart Ave, Brooklyn, NY 11237, Attn: General Counsel.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to them in the Motion.

requirements under the U.S. Trustee Guidelines; and (iv) granting related relief, including scheduling a hearing to consider approval of the Motion on a final basis; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and opportunity for a hearing on the Motion having been given; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The relief requested in the Motion is GRANTED on an interim basis as set forth herein.

2.      The final hearing on the Motion shall be held on **September 4, 2025 at 2:00 p.m. (prevailing Eastern Time)** (the "Final Hearing").  Any objections or responses to entry of the proposed final order shall be filed on or before **4:00 p.m. (prevailing Eastern Time) on August 28, 2025**, and shall be served on (a) the Debtors, 140 Stewart Ave, Brooklyn, NY 11237, Attn: General Counsel; (b) proposed counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Rodney Square, Wilmington, DE, Attn: Sean M. Beach (sbeach@ycst.com), S. Alexander Faris (afaris@ycst.com) and Evan S. Saruk (esaruk@ycst.com); (c) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207,

Wilmington, DE 19801, Attn: Jonathan W. Lipshie (Jon.Lipshie@usdoj.gov); and (d) counsel to any

statutory committee appointed in these chapter 11 cases.  In the event no objections to entry of a

final order on the Motion are timely received, this Court may enter a final order without need for

the Final Hearing.

3.      The Debtors are authorized to segregate and restrict (a) the amount that was in their

Bank Accounts when the Insta Funding prejudgment lien attached and (b) any amounts received due

to food and beverage sales pending the outcome of potential litigation against TVT, Pinnacle, and Insta

Funding; *provided, however*, that all such segregated and restricted funds shall be subject to the

prepetition liens on the Bank Accounts held by third parties, including the senior liens held by the

Prepetition Term Loan Lenders, in the same order of priority as existed prepetition.  All Banks and

Payment Processors (including DICE, Billfold, Square, and Stripe) are authorized and directed to

cease any holds on, or redirection of, cash or receivables of the Debtors.  JPMorgan Chase Bank,

N.A. is authorized and directed to release any and all holds on the Debtors' Bank Accounts.

4.      The Debtors are authorized, but not directed, to: (a) designate, maintain, and

continue to use their Cash Management System as described in the Motion and honor any

obligations related to the use thereof; (b) designate, maintain, close, and continue to use any or all

of their existing Bank Accounts, including, but not limited to, the Bank Accounts identified on

Exhibit D attached to the Motion, in the names and with the account numbers existing immediately

before the Petition Date; (c) deposit funds in and withdraw funds from the Bank Accounts by all

the usual means, including checks, electronic fund transfers, ACH transfers, and other debits or

electronic means; (d) treat their prepetition Bank Accounts, for all purposes, as debtor in

possession accounts; and (e) open new debtor in possession accounts in accordance with the terms

set forth herein; *provided* that in the case of each of (a) through (e), such action is taken in the

ordinary course of business and consistent with past practice.  The relief granted in this Interim Order is extended to any new bank account opened by the Debtors in the ordinary course of business after the date hereof, which account shall be deemed a Bank Account, and to the bank at which such account is opened, which bank shall be deemed a Bank, in each case, pursuant to this Interim Order.

5. The Debtors are authorized, but not directed, to: (a) enter into and engage in the Intercompany Transactions and to take any actions related thereto on the same terms as, and materially consistent with, the Debtors' operation of the business in the ordinary course during the prepetition period.  In connection therewith, the Debtors shall continue to maintain current records with respect to all transfers of cash so that all transactions, including the Intercompany Transactions, may be readily ascertained, traced, and recorded properly on applicable intercompany accounts.

6. The Debtors are authorized, but not directed, to set off mutual postpetition obligations relating to intercompany receivables and payables through the Cash Management System. In connection therewith, the Debtors shall continue to maintain current records with respect to all transfers of cash so that all transactions, including Intercompany Transactions, may be readily ascertained, traced, and recorded properly on applicable intercompany accounts.  Each payment (or other transfer of cash, whether to or from the Debtors) from a Debtor to another Debtor under any Intercompany Transaction is hereby accorded administrative expense status under section 503(b) of the Bankruptcy Code.

7. The Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of (or on behalf of) each Debtor, regardless of which entity actually makes such disbursements.

4

8.      The Debtors are authorized, but not directed, to continue using, in their present form, the Business Forms, as well as checks and other documents relating to the Bank Accounts existing immediately before the Petition Date, and maintain and continue using, in their present forms, the Books & Records; *provided* that once the Debtors have exhausted their existing stock of Business Forms, they shall ensure that any new Business Forms are clearly labeled with the "debtor in possession" designation and the lead chapter 11 case number as soon as reasonably practicable to do so. To the extent the Debtors print any new checks or use any electronic Business Forms, they shall include the "debtor in possession" designation and the lead chapter 11 case number on all such checks and soon as reasonably practicable.

9.      The Banks are authorized to continue to maintain, service, and administer the Bank Accounts as accounts of the Debtors as debtors in possession without interruption and in the ordinary course of business consistent with past practice, and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, credit card payments, and ACH transfers issued and drawn on the Debtor Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order; *provided* that the Debtors shall only instruct or request any Bank to pay or honor any check, draft, or other payment item issued on a Bank Account prior to the Petition Date but presented to such Bank for payment after the Petition Date as authorized by an order of the Court.

10.     The Banks are authorized, without further order of this Court, to charge or deduct, and the Debtors are authorized to pay, honor, or satisfy any reasonable Bank Fees or charges associated with the Bank Accounts in the ordinary course and consistent with past practice.

4903-2948-2838v.21

11.     The Banks are authorized, without further order of this Court, to charge back to the appropriate accounts of the Debtors any amounts resulting from returned checks or other returned items, including returned items that result from ACH transactions, wire transfers, merchant services, or other electronic transfers of any kind, regardless of whether such returned items were deposited or transferred prepetition or postpetition and regardless of whether the returned items relate to prepetition or postpetition items or transfers.

12.     The Payment Processors and the Debtors are authorized, but not directed, to continue to perform under the Payment Processing Agreements without interruption and in the usual and ordinary course, and are authorized to receive, process, and disburse all prepetition and postpetition Service Charges to the Debtors in the ordinary course in accordance with the Payment Processing Agreements in a manner consistent with past practices.

13.     The Debtors are authorized, but not directed, to pay any prepetition Processing Obligations and to continue paying the Processing Obligations in the ordinary course of business pursuant to the terms of the Payment Processing Agreements in a manner consistent with past practices.

14.     In connection with the Processing Obligations, the Payment Processors are authorized to setoff and recoup chargebacks, refunds, and other amounts payable to the Payment Processors by the Debtors, whether arising before or after the Petition Date, against amounts payable to the Debtors by the Payment Processors and amounts held in reserve by the Payment Processors, whether arising before or after the Petition Date; provided that the chargebacks, refunds, and other amounts payable to the Payment Processors by the Debtors are offset against amounts owed to the Debtors solely in accordance with the terms of the applicable Payment Processing Agreement.

15.     The Debtors shall serve a copy of this Interim Order on all Banks within five (5) days after entry of this Interim Order, and upon any bank at which the Debtors open a new bank within five (5) days after the opening of the new account.

16.     All banks maintaining any of the Debtor Bank Accounts that are provided with notice of this Interim Order shall not honor or pay any bank payments drawn on the listed Debtor Bank Accounts or otherwise issued before the Petition Date for which the Debtors specifically issue timely stop payment orders in accordance with the documents governing such Debtor Bank Accounts.

17.     Subject to the terms set forth herein, any bank, including the Banks, may rely upon the representations of the Debtors with respect to whether any check, draft, wire, or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to any order of this Court, and no bank that honors a prepetition check or other item drawn on any account that is the subject of this Interim Order (a) at the direction of the Debtors, (b) in a good-faith belief that this Court has authorized such prepetition check or item to be honored, or (c) as a result of a mistake made despite implementation of reasonable customary handling procedures, shall be deemed to be nor shall be liable to the Debtors, their estates, or any other party on account of such prepetition check or other item being honored postpetition, or otherwise deemed to be in violation of this Interim Order.

18.     Any banks, including the Banks, are further authorized to honor the Debtors' directions with respect to the opening and closing of any Bank Account and accept and hold, or invest, the Debtors' funds in accordance with the Debtors' instructions; *provided* that the Banks shall not have any liability to any party for relying on such representations to the extent such reliance otherwise complies with applicable law.

7

19.     For the Banks at which the Debtors hold Bank Accounts that are party to a Uniform Depository Agreement with the U.S. Trustee, within five (5) days after entry of this Interim Order, the Debtors shall (a) contact such bank, (b) provide such bank with each of the Debtors' employer identification numbers, and (c) identify each of their Bank Accounts held at such bank as being held by a debtor in possession in the Debtors' chapter 11 cases.

20.     To the extent that any of the Bank Accounts are not in compliance with section 345(b) of the Bankruptcy Code and any provisions of the U.S. Trustee Guidelines, the Debtors time to comply with section 345(b) of the Bankruptcy Code is hereby extended for a period of thirty (30) days from the date of this Interim Order (the "Extension Period"), *provided*, *however*, that such extension is without prejudice to the Debtors' right to request a further extension of the Extension Period or a final waiver of the requirements of section 345(b) in these chapter 11 cases or the U.S. Trustee's right to oppose such a request.

21.     The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

22.     Nothing contained in the Motion or this Interim Order shall be construed to (a) create or perfect, in favor of any person or entity, any interest in cash of a Debtor that did not exist as of the Petition Date or (b) alter or impair the validity, priority, enforceability, or perfection of any security interest or lien or setoff right, in favor of any person or entity, that existed as of the Petition Date.

8

23.     Nothing in this Interim Order constitutes: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim or interest under applicable law or non-bankruptcy law; (c) a promise or requirement to pay any claim; (d) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (e) a request for or granting of approval for assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code; or (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates. Any payment made pursuant to this Interim Order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' or any party in interest's rights to subsequently dispute such claim.

24.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

25.     The requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied.

26.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

27.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

28.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Interim Order.

4903-2948-2838v.21

**EXHIBIT 2**

**Blackline**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AGDP HOLDING INC., *et al.*,[1] | Case No. 25-11446 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Ref: Docket No. 11** |

### INTERIM ORDER
### (I) AUTHORIZING AND
### DIRECTING THE BANKS AND
### PAYMENT PROCESSORS TO CEASE
### ANY HOLDS ON, OR REDIRECTION OF,
### CASH OR RECEIVABLES OF THE DEBTORS,
### (II) AUTHORIZING THE DEBTORS TO (A) CONTINUE
### USE OF THEIR EXISTING CASH MANAGEMENT SYSTEM, BANK
### ACCOUNTS, AND BUSINESS FORMS, (B) CONTINUE INTERCOMPANY
### TRANSACTIONS, (C) PAY RELATED OBLIGATIONS, AND (D) PAY AND HONOR
### PROCESSING OBLIGATIONS, (III) WAIVING CERTAIN INVESTMENT AND
### DEPOSIT GUIDELINES, AND (IV) GRANTING RELATED RELIEF

Upon the motion ("Motion")[2] of AGDP Holding Inc., and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors"), for entry of an interim order (this "Interim Order") (i) authorizing and directing the Banks and Payment Processors to cease any holds on, or redirection of, cash or receivables of the Debtors, (ii) authorizing, but not directing, the Debtors to: (a) continue use of their existing cash management system, bank accounts, and business forms; (b) continue intercompany transactions; (c) pay obligations related thereto; and (d) pay or otherwise honor the Processing Obligations; (iii) waiving certain investment and

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of the Debtors' federal tax identification number, are AGDP Holding Inc. (6504); Avant Gardner, LLC (6504); AG Management Pool LLC (9962); EZ Festivals LLC (8854); Made Event LLC (6272); and Reynard Productions, LLC (5431).  The Debtors' service address is 140 Stewart Ave, Brooklyn, NY 11237, Attn: General Counsel.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to them in the Motion.

deposit requirements under the U.S. Trustee Guidelines; and (iv) granting related relief, including scheduling a hearing to consider approval of the Motion on a final basis; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and opportunity for a hearing on the Motion having been given; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.     The relief requested in the Motion is GRANTED on an interim basis as set forth herein.

2.     The final hearing on the Motion shall be held on [•]**September 4**, **2025 at** [•]**2:00 p.m. (prevailing Eastern Time)** (the "Final Hearing").  Any objections or responses to entry of the proposed final order shall be filed on or before **4:00 p.m. (prevailing Eastern Time) on** [•]**August 28**, **2025**, and shall be served on (a) the Debtors, 140 Stewart Ave, Brooklyn, NY 11237, Attn: General Counsel; (b) proposed counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Rodney Square, Wilmington, DE, Attn: Sean M. Beach (sbeach@ycst.com), S. Alexander Faris (afaris@ycst.com) and Evan S. Saruk (esaruk@ycst.com); (c) the Office of the United States Trustee for the District of Delaware, 844

King Street, Suite 2207, Wilmington, DE 19801, Attn: Jonathan W. Lipshie (Jon.Lipshie@usdoj.gov); and (d) counsel to any statutory committee appointed in these chapter 11 cases.  In the event no objections to entry of a final order on the Motion are timely received, this Court may enter a final order without need for the Final Hearing.

3.      The Debtors are authorized to segregate and restrict (a) the amount that was in their Bank Accounts when the Insta Funding prejudgment lien attached and (b) any amounts received due to food and beverage sales pending the outcome of potential litigation against TVT, Pinnacle, and Insta Funding; *provided, however*, that all such segregated and restricted funds shall be subject to the prepetition liens on the Bank Accounts held by third parties, including the senior liens held by the Prepetition Term Loan Lenders, in the same order of priority as existed prepetition.  All Banks and Payment Processors (including DICE, Billfold, Square, and Stripe) are authorized and directed to cease any holds on, or redirection of, cash or receivables of the Debtors.  JPMorgan Chase Bank, N.A. is authorized and directed to release any and all holds on the Debtors' Bank Accounts.

4.      The Debtors are authorized, but not directed, to: (a) designate, maintain, and continue to use their Cash Management System as described in the Motion and honor any obligations related to the use thereof; (b) designate, maintain, close, and continue to use any or all of their existing Bank Accounts, including, but not limited to, the Bank Accounts identified on Exhibit D attached to the Motion, in the names and with the account numbers existing immediately before the Petition Date; (c) deposit funds in and withdraw funds from the Bank Accounts by all the usual means, including checks, electronic fund transfers, ACH transfers, and other debits or electronic means; (d) treat their prepetition Bank Accounts, for all purposes, as debtor in possession accounts; and (e) open new debtor in possession accounts in accordance with the terms set forth herein; *provided* that in the case of each of (a) through (e), such action is

3

taken in the ordinary course of business and consistent with past practice.  The relief granted in this Interim Order is extended to any new bank account opened by the Debtors in the ordinary course of business after the date hereof, which account shall be deemed a Bank Account, and to the bank at which such account is opened, which bank shall be deemed a Bank, in each case, pursuant to this Interim Order.

5.      The Debtors are authorized, but not directed, to: (a) enter into and engage in the Intercompany Transactions and to take any actions related thereto on the same terms as, and materially consistent with, the Debtors' operation of the business in the ordinary course during the prepetition period.  In connection therewith, the Debtors shall continue to maintain current records with respect to all transfers of cash so that all transactions, including the Intercompany Transactions, may be readily ascertained, traced, and recorded properly on applicable intercompany accounts.

6.      The Debtors are authorized, but not directed, to set off mutual postpetition obligations relating to intercompany receivables and payables through the Cash Management System. In connection therewith, the Debtors shall continue to maintain current records with respect to all transfers of cash so that all transactions, including Intercompany Transactions, may be readily ascertained, traced, and recorded properly on applicable intercompany accounts.  Each payment (or other transfer of cash, whether to or from the Debtors) from a Debtor to another Debtor under any Intercompany Transaction is hereby accorded administrative expense status under section 503(b) of the Bankruptcy Code.

7.      The Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of (or on behalf of) each Debtor, regardless of which entity actually makes such disbursements.

4

8.      The Debtors are authorized, but not directed, to continue using, in their present form, the Business Forms, as well as checks and other documents relating to the Bank Accounts existing immediately before the Petition Date, and maintain and continue using, in their present forms, the Books & Records; *provided* that once the Debtors have exhausted their existing stock of Business Forms, they shall ensure that any new Business Forms are clearly labeled with the "debtor in possession" designation and the lead chapter 11 case number as soon as reasonably practicable to do so. To the extent the Debtors print any new checks or use any electronic Business Forms, they shall include the "debtor in possession" designation and the lead chapter 11 case number on all such checks and soon as reasonably practicable.

9.      The Banks are authorized to continue to maintain, service, and administer the Bank Accounts as accounts of the Debtors as debtors in possession without interruption and in the ordinary course of business consistent with past practice, and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, credit card payments, and ACH transfers issued and drawn on the Debtor Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order; *provided* that the Debtors shall only instruct or request any Bank to pay or honor any check, draft, or other payment item issued on a Bank Account prior to the Petition Date but presented to such Bank for payment after the Petition Date as authorized by an order of the Court.

10.     The Banks are authorized, without further order of this Court, to charge or deduct, and the Debtors are authorized to pay, honor, or satisfy any reasonable Bank Fees or charges associated with the Bank Accounts in the ordinary course and consistent with past practice.

5

11.    The Banks are authorized, without further order of this Court, to charge back to the appropriate accounts of the Debtors any amounts resulting from returned checks or other returned items, including returned items that result from ACH transactions, wire transfers, merchant services, or other electronic transfers of any kind, regardless of whether such returned items were deposited or transferred prepetition or postpetition and regardless of whether the returned items relate to prepetition or postpetition items or transfers.

12.    The Payment Processors and the Debtors are authorized, but not directed, to continue to perform under the Payment Processing Agreements without interruption and in the usual and ordinary course, and are authorized to receive, process, and disburse all prepetition and postpetition Service Charges to the Debtors in the ordinary course in accordance with the Payment Processing Agreements in a manner consistent with past practices.

13.    The Debtors are authorized, but not directed, to pay any prepetition Processing Obligations and to continue paying the Processing Obligations in the ordinary course of business pursuant to the terms of the Payment Processing Agreements in a manner consistent with past practices.

14.    In connection with the Processing Obligations, the Payment Processors are authorized to setoff and recoup chargebacks, refunds, and other amounts payable to the Payment Processors by the Debtors, whether arising before or after the Petition Date, against amounts payable to the Debtors by the Payment Processors and amounts held in reserve by the Payment Processors, whether arising before or after the Petition Date; provided that the chargebacks, refunds, and other amounts payable to the Payment Processors by the Debtors are offset against amounts owed to the Debtors solely in accordance with the terms of the applicable Payment Processing Agreement.

15.     The Debtors shall serve a copy of this Interim Order on all Banks ~~as soon as practicable~~<u>within five (5) days</u> after entry of this Interim Order, and upon any bank at which the Debtors open a new bank ~~account as soon as practicable upon~~<u>within five (5) days after</u> the opening of the new account.

16.     All banks maintaining any of the Debtor Bank Accounts that are provided with notice of this Interim Order shall not honor or pay any bank payments drawn on the listed Debtor Bank Accounts or otherwise issued before the Petition Date for which the Debtors specifically issue timely stop payment orders in accordance with the documents governing such Debtor Bank Accounts.

17.     Subject to the terms set forth herein, any bank, including the Banks, may rely upon the representations of the Debtors with respect to whether any check, draft, wire, or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to any order of this Court, and no bank that honors a prepetition check or other item drawn on any account that is the subject of this Interim Order (a) at the direction of the Debtors, (b) in a good-faith belief that this Court has authorized such prepetition check or item to be honored, or (c) as a result of a mistake made despite implementation of reasonable customary handling procedures, shall be deemed to be nor shall be liable to the Debtors, their estates, or any other party on account of such prepetition check or other item being honored postpetition, or otherwise deemed to be in violation of this Interim Order.

18.     Any banks, including the Banks, are further authorized to honor the Debtors' directions with respect to the opening and closing of any Bank Account and accept and hold, or invest, the Debtors' funds in accordance with the Debtors' instructions; *provided* that the Banks shall not have any liability to any party for relying on such representations to the extent such

7

reliance otherwise complies with applicable law.

19. For the Banks at which the Debtors hold Bank Accounts that are party to a Uniform Depository Agreement with the U.S. Trustee, ~~as soon as practicable~~within five (5) days after entry of this Interim Order, the Debtors shall (a) contact such bank, (b) provide such bank with each of the Debtors' employer identification numbers, and (c) identify each of their Bank Accounts held at such bank as being held by a debtor in possession in the Debtors' chapter 11 cases.

20. To the extent that any of the Bank Accounts are not in compliance with section 345(b) of the Bankruptcy Code and any provisions of the U.S. Trustee Guidelines, the Debtors time to comply with section 345(b) of the Bankruptcy Code is hereby extended for a period of thirty (30) days from the date of this Interim Order (the "Extension Period"), *provided*, *however*, that such extension is without prejudice to the Debtors' right to request a further extension of the Extension Period or a final waiver of the requirements of section 345(b) in these chapter 11 cases or the U.S. Trustee's right to oppose such a request.

21. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

22. Nothing contained in the Motion or this Interim Order shall be construed to (a) create or perfect, in favor of any person or entity, any interest in cash of a Debtor that did not exist as of the Petition Date or (b) alter or impair the validity, priority, enforceability, or

4903-2948-2838v.21

perfection of any security interest or lien or setoff right, in favor of any person or entity, that existed as of the Petition Date.

23.     Nothing in this Interim Order constitutes: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim or interest under applicable law or non-bankruptcy law; (c) a promise or requirement to pay any claim; (d) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (e) a request for or granting of approval for assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code; or (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates. Any payment made pursuant to this Interim Order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' or any party in interest's rights to subsequently dispute such claim.

24.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

25.     The requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied.

26.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

27.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

28.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Interim Order.

4903-2948-2838v.21