IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AGDP HOLDING INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-11446 (MFW)<br><br>(Jointly Administered)<br><br>Ref: Docket No. 9 |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO PAY CERTAIN CRITICAL VENDOR CLAIMS AND PACA/PASA CLAIMS; (II) GRANTING RELATED RELIEF**

Upon the motion ("Motion")[2] of Avant Gardner, LLC, and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors"), for entry of an interim order (this "Interim Order") (i) authorizing, but not directing, the Debtors to pay certain prepetition and postpetition Critical Vendor Claims, and PACA/PASA Claims on a postpetition basis, and (ii) granting related relief, each as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and opportunity for hearing on the Motion having been given; and the relief requested in the Motion being in the best

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of the Debtors' federal tax identification number, are AGDP Holding Inc. (6504); Avant Gardner, LLC (6504); AG Management Pool LLC (9962); EZ Festivals LLC (8854); Made Event LLC (6272); and Reynard Productions, LLC (5431). The Debtors' service address is 140 Stewart Ave, Brooklyn, NY 11237, Attn: General Counsel.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to them in the Motion.

33426305.2

interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The relief requested in the Motion is GRANTED on an interim basis as set forth herein.

2. The final hearing on the Motion shall be held on **September 4, 2025, at 2:00 p.m. (prevailing Eastern Time)** (the "Final Hearing"). Any objections or responses to entry of the proposed final order shall be filed on or before **4:00 p.m. (prevailing Eastern Time) on August 28, 2025**, and shall be served on (a) the Debtors, 140 Stewart Ave, Brooklyn, NY 11237, Attn: General Counsel; (b) proposed counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Rodney Square, Wilmington, DE, Attn: Sean M. Beach (sbeach@ycst.com), S. Alexander Faris (afaris@ycst.com) and Evan S. Saruk (esaruk@ycst.com); (c) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: Jonathan W. Lipshie (Jon.Lipshie@usdoj.gov); and (d) counsel to any statutory committee appointed in these chapter 11 cases. In the event no objections to entry of a final order on the Motion are timely received, this Court may enter a final order without need for the Final Hearing.

3. The Debtors are authorized, but not directed, to pay the Trade Claims (or portions thereof) during the course of these Chapter 11 Cases; *provided* that the Debtors are authorized, but not directed during the Interim Period to pay the Trade Claims in the aggregate amount not to exceed $1,050,000.00 (the "Interim Cap"), unless otherwise ordered by this Court.

4. In return for the payment of the prepetition Trade Claims, the applicable parties are required (unless waived by the Debtors in their discretion) to continue providing Goods and/or Services on the following terms and conditions:

   a. The Debtors, in their sole discretion, subject to the limitations set forth below, shall determine which Trade Claims will be paid pursuant to this Interim Order.

   b. The Debtors, in their sole discretion, may require as a condition to receiving payment on account of Trade Claims, that Trade Claimants agree to continue to provide Goods and/or Services to the Debtors on terms that are as good as or better than the terms and conditions that existed during the twelve-month period prior to the Petition Date (collectively, the "Customary Trade Terms") during the pendency of these Chapter 11 Cases. If, after receiving a payment under this Interim Order or the Final Order, a Trade Claimant ceases to provide Customary Trade Terms, then the Debtors may, in their sole discretion, seek an order from the Court: (i) to determine that any payment on a prepetition claim received by such Trade Claimant be an unauthorized voidable postpetition transfer under section 549 of the Bankruptcy Code that the Debtors may recover in cash or goods; or (ii) to deem such payment to apply instead to any postpetition amount that may be owing to such Trade Claimant.

   c. The Trade Claimant agrees not to file or otherwise assert against the Debtors, their estates, or their respective assets or property any lien (a "Lien") related in any way to any remaining prepetition amounts allegedly owed to the Trade Claimant by the Debtors arising from Goods and/or Services provided to the Debtors prior to the Petition Date, and, to the extent a Trade Claimant has previously obtained such a Lien, the Trade Claimant shall immediately take all necessary actions to release such Lien.

   d. Before making a payment to a creditor under this Interim Order, the Debtors may, in their sole discretion, settle all or some of the prepetition claims of such creditor for less than their face amount.

5. This Interim Order shall not be construed to limit or in any way affect the Debtors' ability to contest any invoice or other charge or claim of any Trade Claimant.

6. No payments shall be made pursuant to the relief authorized in this Interim Order to any professionals or insiders as that term is defined in section 101 (31) of the Bankruptcy Code.

33426305.2

3

7. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such the banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order without any duty of further inquiry and without liability for following the Debtors' instructions.

8. The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

9. Nothing in this Interim Order constitutes (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim or interest under applicable law or non-bankruptcy law; (c) a promise or requirement to pay any claim; (d) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (e) a request for or granting of approval for assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code; or (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates. Any payment made pursuant to this Interim Order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' or any party in interest's rights to subsequently dispute such claim.

10. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

33426305.2

11. The requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied.

12. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

14. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Interim Order.

Dated: August 5th, 2025
Wilmington, Delaware

MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE

33426305.2