**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| AGDP HOLDING INC., *et al.*,[1] | Case No. 25-11446 (MFW) |
| Debtors. | (Jointly Administered) |
|  | **Hearing Date: September 4, 2025 at 2:00 p.m. (ET)**<br>**Objection Deadline: August 21, 2025 at 4:00 p.m. (ET)** |
|  | **Ref: Doc. Nos. 12, 17 & 18** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE
DEBTORS TO (A) FILE UNDER SEAL AND (B) REDACT CONFIDENTIAL
INFORMATION IN THE FEE LETTER AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state the following in support of this motion (the "Motion"):[2]

**RELIEF REQUESTED**

The Debtors seek entry of an order (the "Proposed Order"), substantially in the form

attached hereto as **Exhibit A**, (i) authorizing, but not directing, the Debtors to (a) file under seal

and (b) redact certain confidential information from the Agency Fee Letter [D.I. 17] (the "Fee

Letter"); and (ii) granting related relief.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of the Debtors' federal tax identification number, are AGDP Holding Inc. (6504); Avant Gardner, LLC (6504); AG Management Pool LLC (9962); EZ Festivals LLC (8854); Made Event LLC (6272); and Reynard Productions, LLC (5431). The Debtors' service address is 140 Stewart Ave, Brooklyn, NY 11237, Attn: General Counsel.

[2] A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this Motion and the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Gary Richards in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 13] (the "First Day Declaration"). Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the First Day Declaration, the Fee Letter, or the DIP Motion (defined herein), as applicable.

33434036.6

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion, to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested in this Motion are sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9018-1.

## BACKGROUND

4.      The Debtors operate a multi-space entertainment venue complex, specializing in large-scale live entertainment—concerts, festivals, corporate functions, and multimedia events— and is known for state-of-the-art audiovisual production, including a 2022 upgrade featuring one of the world's highest-resolution video walls.  The Debtors focus on industry-leading production capabilities, immersive audiovisual experiences, and status as one of North America's largest standing-room-only entertainment venues.

5.      On August 4, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Court.  The Debtors continue to

33434036.6

operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No party has requested the appointment of a trustee or examiner in these cases, and no statutory committee has been appointed.

6.      Additional information regarding the Debtors' businesses, capital structures and circumstances preceding the Petition Date may be found in the First Day Declaration.

7.      On the Petition Date, the Debtors filed the *Motion for Entry of Interim and Final Orders, Pursuant to Sections 105, 361, 362, 363, 364, 503 and 507 of the Bankruptcy Code (I) Authorizing the Debtors to Obtain Senior Secured Superpriority Postpetition Financing; (II) Granting (A) Liens and Superpriority Administrative Expense Claims and (B) Adequate Protection to Certain Prepetition Lenders; (III) Authorizing Use of Cash Collateral; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief* [D.I. 12] (the "DIP Motion").

8.      As contemplated by section 8(b) of the DIP Term Loan Note, the Debtors filed a proposed *Agent Fee Letter*, between the Borrowers and the DIP Agent (the "Fee Letter").[3]  Due to the highly competitive nature of the lending industry, it is of critical importance to the DIP Agent that certain details in the Fee Letter, namely its economic terms (the "Confidential Information"), be kept confidential so that competitors may not use the Confidential Information to gain a strategic advantage over them in the marketplace.  The Confidential Information is not public, and disclosure of this sensitive commercial information could cause significant injury to the DIP Agent.

## BASIS FOR RELIEF

9.      Sections 105(a) and 107(b) of the Bankruptcy Code allow the Court to authorize the Debtors to file the Fee Letter under seal.  Pursuant to section 105(a) of the Bankruptcy Code,

---

[3] On August 4, 2025, the Debtors filed a sealed copy of the Fee Letter [D.I. 17] and a redacted copy of the Fee Letter [D.I. 18].

33434036.6

the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a).  In addition, Bankruptcy Code section 107(b) provides that "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information."  11 U.S.C. § 107(b).

10.      Bankruptcy Rule 9018 implements section 107(b) of the Bankruptcy Code by providing that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information."  Fed. R. Bankr. P. 9018. The term "confidential commercial information" should not be narrowly construed.  *See Video Software Dealers Ass'n. v. Orion Pictures Corp.* (*In re Orion Pictures Corp.*), 21 F.3d 24, 27-28 (2d Cir. 1994) ("[Section] 107(b) is carefully drafted to avoid merging 'trade secrets' with 'confidential commercial information'").

11.      An order sealing or redacting commercial information is appropriate where the disclosure of the commercial information could "reasonably be expected to cause [. . .] commercial injury" and the information is "critical" to the operations of the entity seeking protection, such that the information's "disclosure will unfairly benefit that entity's competitors." *See In re Alterra Healthcare Corp.*, 353 B.R. 66, 75–76 (Bankr. D. Del. 2006) (citations omitted); *In re Muma Servs.*, *Inc.*, 279 B.R. 478, 484 (Bankr. D. Del. 2002) (noting that § 107(b) "was intended to avoid 'affording an unfair advantage to competitors by providing them information as to the commercial operations of the debtor'") (quoting *In re Itel Corp.*, 17 B.R. 942, 944 (B.A.P. 9th Cir. 1982)).

12.      Once a court determines that the information in question falls within one of the enumerated categories in section 107(b) of the Bankruptcy Code, "the court is required to protect

a requesting interested party and has no discretion to deny the application." *See In re Orion Pictures Corp.*, 21 F.3d at 28.  Moreover, the Court has broad authority to issue such an order under Bankruptcy Rule 9018. *See In re Global Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) ("When the requirements of Rule 9018 are satisfied, the authority to issue the resulting order is broad – 'any order which justice requires.'  The Court notes that the authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice.").

13.    Sufficient cause exists for the Court to grant the relief requested herein.  The Confidential Information concerns the terms of a private, confidential commercial contract between the Borrowers and the DIP Agent that contains highly-negotiated, sensitive information related to fees.  By its own terms, the Fee Letter is confidential in nature.  Further, in accordance with industry-wide customs, the DIP Agent treats information, such as the Confidential Information, as highly sensitive and generally does not make the Confidential Information available to competitor financial institutions, much less to the public.  Accordingly, the Confidential Information—which is limited to only the amounts of certain of the DIP Agent's fees—constitutes "commercial information" within the meaning of section 107(b) of the Bankruptcy Code.

14.    The disclosure of the redacted terms of the Fee Letter would likely cause substantial harm to the Debtors and the DIP Agent, create an unfair advantage for competitors, and violate the Debtors' agreement with the DIP Agent to keep the Confidential Information in the Fee Letter confidential.  Given the intense competition in the investment banking and lending industries, disclosure of the Confidential Information could constrain the ability of the DIP Agent to negotiate its fees in future transactions, putting it at a strategic disadvantage relative to its competitors and

33434036.6

causing commercial injury.  Because debtor-in-possession financing is only a small fraction of all syndicated financings arranged by the DIP Agent, requiring it to disclose the Confidential Information in this context—when such disclosure is not required in other contexts— could have a "chilling effect" in these and future cases by discouraging the DIP Agent and its competitor institutions from participating in debtor-in-possession facilities on terms favorable to debtors.  In that regard, the DIP Agent's ability to maintain the confidentiality of its pricing is paramount to its ability to act as agent for postpetition financing in these and other chapter 11 cases.  Based on the foregoing, absent protection of its Confidential Information, the DIP Agent would be placed at a competitive disadvantage, and the Debtors' ability to obtain postpetition financing could be undermined.

15.    To balance the need for confidentiality with disclosure, the proposed redactions are limited in scope to only those portions of the Fee Letter that contain highly sensitive, commercial information that would otherwise reveal certain of the DIP Agent's fees.  Accordingly, the Debtors submit that good cause exists for the Court to grant the relief requested herein.

### COMPLIANCE WITH LOCAL RULE 9018-1(d)(ii)

16.    The undersigned counsel hereby certifies, pursuant to Local Rule 9018-1(d)(ii), that the Debtors have conferred with the DIP Agent regarding the Confidential Information and proposed redactions of the Fee Letter.

### NOTICE

17.    Notice of this Motion has been provided by email, facsimile, or overnight courier to: (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the thirty (30) largest unsecured claims against the Debtors; (c) Alter Domus (US) LLC, as administrative agent and collateral agent under the Prepetition Financing Agreement and the DIP Facility; (d) counsel to the DIP Lenders and Prepetition Term Loan Lender; (e) counsel to

33434036.6

LiveStyle; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002. The

Debtors submit that, in light of the nature of the relief requested, no other or further notice need

be given.

WHEREFORE, the Debtors respectfully request entry of the Proposed Order, granting the

relief requested herein and granting such other relief as is just and proper.

Dated:    August 7, 2025
          Wilmington, Delaware

                                        **YOUNG CONAWAY STARGATT & TAYLOR, LLP**

                                        */s/ S. Alexander Faris*
                                        Edmon L. Morton (No. 3856)
                                        Sean M. Beach (No. 4070)
                                        Kenneth J. Enos (No. 4544)
                                        S. Alexander Faris (No. 6278)
                                        Sarah Gawrysiak (No. 7403)
                                        Evan S. Saruk (No. 7452)
                                        1000 North King Street
                                        Rodney Square
                                        Wilmington, Delaware 19801
                                        Telephone: (302) 571-6600
                                        Facsimile: (302) 571-1253
                                        Email:  emorton@ycst.com
                                                sbeach@ycst.com
                                                kenos@ycst.com
                                                afaris@ycst.com
                                                sgawrysiak@ycst.com
                                                esaruk@ycst.com

                                        *Proposed Counsel to the Debtors and Debtors in Possession*

33434036.6