## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AGDP HOLDING INC., *et al.*,[1] | Case No. 25-11446 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: To Be Determined**<br>**Obj. Deadline: September 12, 2025 at 4:00 p.m. (ET)** |

### DEBTORS' OMNIBUS MOTION FOR ENTRY OF AN ORDER AUTHORIZING (I) REJECTION OF (A) CERTAIN UNEXPIRED LEASES AND (B) CERTAIN EXECUTORY CONTRACTS, IN EACH CASE, EFFECTIVE AS OF THE REJECTION DATE; AND (II) GRANTING RELATED RELIEF

> **ANY PARTY RECEIVING THIS MOTION SHOULD LOCATE ITS NAME AND ITS REJECTED LEASE OR EXECUTORY CONTRACT IDENTIFIED ON SCHEDULE 1 TO THE PROPOSED ORDER.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this motion (the "Motion"):[2]

### RELIEF REQUESTED

1.     The Debtors seek entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, (i) authorizing the Debtors to (a) reject certain unexpired leases (including any amendments, side letters, modifications, schedules, or supplements thereto, or guarantees, settlements, or other agreements in connection therewith to which any Debtor is a party, the "Rejected Leases"), effective as of August 29, 2025 (the "Rejection Date"), and (b) reject

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of the Debtors' federal tax identification number, are AGDP Holding Inc. (6504); Avant Gardner, LLC (6504); AG Management Pool LLC (9962); EZ Festivals LLC (8854); Made Event LLC (6272); and Reynard Productions, LLC (5431). The Debtors' service address is 140 Stewart Ave, Brooklyn, NY 11237, Attn: General Counsel.

[2] A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this Motion and the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Gary Richards in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. No. 13] (the "First Day Declaration"). Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the First Day Declaration.

certain executory contracts (the "Rejected Contracts", and together with the Rejected Leases, the "Rejected Agreements"), effective as of the Rejection Date; and (ii) granting related relief. The Rejected Agreements are set forth in **Schedule 1** to the Proposed Order.

## JURISDICTION AND VENUE

2.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion, to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory and legal bases for the relief requested herein are sections 105(a), 365(a), and 554 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and rules 6006 and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND OF THE DEBTORS

5.      The Debtors operate a multi-space entertainment venue complex, specializing in large-scale live entertainment—concerts, festivals, corporate functions, and multimedia events—and is known for state-of-the-art audiovisual production, including a 2022 upgrade featuring one of the world's highest-resolution video walls. The Debtors focus on industry-leading production

capabilities, immersive audiovisual experiences, and status as one of North America's largest standing-room-only entertainment venues.

6.     On August 4, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Court.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On August 18, 2025, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") [D.I. 73].  No party has requested the appointment of a trustee or examiner in these cases.

7.     Additional information regarding the Debtors' businesses, capital structures and circumstances preceding the Petition Date may be found in the First Day Declaration.

## THE REJECTED AGREEMENTS

8.     As part of the Debtors' efforts during these chapter 11 cases, the Debtors have reviewed their contracts that they have deemed unnecessary to their go-forward business.  The Debtors have determined that the Rejected Contracts are no longer necessary to the Debtors' business affairs and would require the Debtors to incur costs on account of services which no longer provide commensurate benefits to the Debtors, leading the Debtors to conclude that the Rejected Contracts are burdensome to their estates.

9.     The Debtors have also identified the Rejected Leases as leases for equipment the Debtors no longer use or need to conduct their business.  The Debtors have determined in their business judgment that it is in their best interests to reject the Rejected Leases, effective as of the Rejection Date, thereby avoiding the potential incurrence of any additional expenses associated with such leases, which no longer provide value to the Debtors and their estates.

3

## BASIS FOR RELIEF REQUESTED

I.    **Rejection of the Rejected Agreements as of the Rejection Date Reflects the Debtors' Sound Business Judgment**

10.    Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any . . . executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).  The purpose behind section 365(a) is "to permit the trustee or debtor-in-possession to use valuable property of the estate and to renounce title to and abandon burdensome property."  *In re Republic Airways Holdings Inc.*, 547 B.R. 578, 582 (Bankr. S.D.N.Y. 2016) (quoting *Orion Pictures Corp. v. Showtime Networks, Inc.* (*In re Orion Pictures Corp.*), 4 F.3d 1095, 1098 (2d Cir. 1993)); *see also In re Exide Techs.*, 607 F.3d 957, 967 (3d Cir. 2010) ("Courts may use § 365 to free a [debtor] from burdensome duties that hinder its reorganization"); *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 528 (1984), *superseded by statute on other grounds*, Bankruptcy Amendments and Federal Judgeship Act of 1984, sec. 541, § 1113, Pub. L. No. 98 353, 98 Stat. 333 (codified at 11 U.S.C. § 1113) ("[T]he authority to reject an executory contract is vital to the basic purpose to a Chapter 11 reorganization, because rejection can release the debtor's estate from burdensome obligations that can impede a successful reorganization.").

11.    The standard applied in determining whether the rejection of an unexpired lease or executory contract should be authorized is the "business judgment" standard.  *See Sharon Steel Corp. v. Nat'l Fuel Gas Distr. Corp.*, 872 F.2d 36, 40 (3d Cir. 1989); *In re HQ Glob. Holdings, Inc.*, 290 B.R. 507, 513 (Bankr. D. Del. 2003) (stating that a debtor's decision to reject an executory contract is governed by the business judgment standard and can only be overturned if the decision was the "product of bad faith, whim, or caprice"); *see also In re Tayfur*, 599 F. App'x 44, 49–50 (3d Cir. 2015) (extending the standard articulated in *Sharon Steel* to unexpired leases).  Once a debtor states a valid business justification, "[t]he business judgment

rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company.'" *Official Comm. of Subordinated Bondholders v. Integrated Res., Inc.* (*In re Integrated Res., Inc.*), 147 B.R. 650, 656 (Bankr. S.D.N.Y. 1992) (quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)).

12.     Rejection of an executory contract or unexpired lease is appropriate where rejection of the contract or lease would benefit the estate. *See Sharon Steel*, 872 F.2d at 39; *see also Commercial Fin., Ltd. v. Hawaii Dimensions, Inc.* (*In re Hawaii Dimensions, Inc.*), 47 B.R. 425, 427 (D. Haw. 1985) ("[u]nder the business judgment test, a court should approve a debtor's proposed rejection if such rejection will benefit the estate."). Thus, if the trustee's or debtor's business judgment has been reasonably exercised, a court should approve the assumption or rejection of an executory contract or an unexpired lease. *See, e.g.*, *Comp. Sales Int'l, Inc. v. Fed. Mogul* (*In re Fed. Mogul Glob., Inc.*), 293 B.R. 124, 126 (D. Del. 2003). Generally, courts defer to a debtor-in-possession's business judgment to reject an unexpired lease or executory contract. *See, e.g.*, *NLRB v. Bildisco & Bildisco*, 465 U.S. at 523; *In re Minges*, 602 F.2d 38, 43 (2d Cir. 1979); *In re Riodizio*, 204 B.R. 417, 424–25 (Bankr. S.D.N.Y. 1997); *In re G Survivor Corp.*, 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994).

13.     Upon finding that the Debtors have exercised their sound business judgment in determining that the rejection of the Rejected Agreements is in the best interests of the Debtors and their estates, the Court should approve the proposed rejections under section 365(a) of the Bankruptcy Code. *See, e.g.*, *Westbury Real Estate Ventures, Inc. v. Bradlees, Inc.* (*In re Bradlees Stores, Inc.*), 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996); *Summit Land Co. v. Allen* (*In re Summit Land Co.*), 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that, absent extraordinary

circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").  If a debtor's business judgment has been reasonably exercised, a court should approve the assumption or rejection of an unexpired lease. *See, e.g.*, *Sharon Steel Corp.*, 872 F.2d at 39–40.  The Debtors have determined that the Rejected Agreements are not integral to the Debtors' chapter 11 efforts, are not otherwise beneficial to the Debtors or their estates, and may present burdensome contingent liabilities.  Accordingly, the Debtors' decision to reject the Rejected Agreements is an exercise of sound business judgment, and therefore, should be approved.

14.    To avoid potentially paying any unnecessary expenses related to the Rejected Agreements, the Debtors seek to reject the Rejected Agreements effective as of the Rejection Date. Courts in this district have routinely authorized a debtor's rejection of unexpired leases and executory contracts as of the date of the filing of the applicable rejection motion.  *See In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004); *see also In re Fleming Cos., Inc.*, 304 B.R. 85, 96 (Bankr. D. Del. 2003) (rejection permitted effective as of the date of the motion or the date the premises surrendered).  Generally, courts have permitted retroactive rejection of an unexpired lease when the non-debtor party to the agreement was given definite notice of the intention to reject.  *See, e.g.*, *In re FLYi, Inc.*, Case No. 05-20011 (MFW) (Bankr. D. Del. Aug. 21, 2006).  A court may permit such retroactive rejection to avoid unduly exposing a debtor's estate to unwarranted postpetition administrative or other expenses.  *See NLRB v. Bildisco & Bildisco*, 465 U.S. at 523 (stating that rejection relates back to the petition date); *Stonebriar Mall Ltd. P'ship v. CCI Wireless, LLC* (*In re CCI Wireless, LLC*), 297 B.R. 133, 140 (D. Col. 2003) (holding that a bankruptcy court "has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject"); *Constant Ltd. P'ship v.*

*Jamesway Corp.* (*In re Jamesway Corp.*), 179 B.R. 33, 37–38 (S.D.N.Y. 1995) (affirming bankruptcy court's retroactive approval of lease rejection).

15.     The facts in these chapter 11 cases and the balance of the equities favor the Debtors' rejection of the Rejected Agreements, effective as of the Rejection Date.  Without doing so, the Debtors will incur unnecessary charges under the Rejected Agreement which are unnecessary to their business affairs or chapter 11 efforts.  The Debtors do not need the personal property interests created by the Rejected Leases, nor do they need the Rejected Contracts to conduct their go-forward businesses.  Indeed, requiring the Debtors to continue to perform under the Rejected Agreements after the Rejection Date would impose onerous obligations on the Debtors and their estates for agreements that the Debtors do not derive any meaningful benefit under.  Without rejecting the Rejected Agreements, the Debtors will incur unnecessary administrative expenses.

16.     Moreover, counterparties will not be unduly prejudiced if the Rejected Agreements are rejected because the Debtors will notify such counterparties immediately, by serving them with a copy of this Motion by overnight or email (where available), of their intent to immediately reject such agreements.

17.     Therefore, as it is in the Debtors' and their estates' best interests to eliminate the potential incurrence of administrative expenses, and to avoid the potential accrual of any further obligations under the Rejected Agreements, the Debtors respectfully submit that their rejection of the Rejected Agreements, effective as of the Rejection Date, is a sound exercise of their business judgement, and is necessary, prudent, and in the best interests of the Debtors, their estates, and their creditors.  Accordingly, entry of the Proposed Order is appropriate.

## COMPLIANCE WITH BANKRUPTCY RULE 6006(f)

18.     Bankruptcy Rule 6006(f) establishes requirements for a motion to reject multiple executory contracts or unexpired leases that are not between the same parties.  Rule 6006(f) states, in part, that such motion shall:

a.     state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

b.     list parties alphabetically and identify the corresponding contract or lease;

c.     specify the terms, including the curing of defaults, for each requested assumption or assignment;

d.     specify the terms, including the identity of each assignee and the adequate assurance of future performance by each assignee, for each requested assignment;

e.     be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and be limited to no more than 100 executory contracts or unexpired leases.

19.     The Debtors respectfully submit that the relief requested in this Motion complies with the requirements of Bankruptcy Rule 6006(f).

## RESERVATION OF RIGHTS

20.     Nothing contained herein or any action taken pursuant to the relief requested is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim or interest under applicable law or non-bankruptcy law; (c) a promise or requirement to pay any claim; (d) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (e) a request for or granting of approval for assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code; or (f) an admission as to the validity, priority, enforceability,

or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors'

estates. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the

Court's order is not intended to be and should not be construed as an admission to the validity of

any claim or a waiver of the Debtors' or any party in interest's rights to subsequently dispute such

claim.

## <u>NOTICE</u>

21.     Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) proposed

counsel to the Committee; (c) Alter Domus (US) LLC, in its capacity as administrative agent and

collateral agent under the Prepetition Financing Agreement and the DIP Facility; (d) counsel to

the DIP Lenders and Prepetition Term Loan Lender; (e) counsel to LiveStyle; (f) the counterparties

to the Rejected Agreements (by overnight mail and/or electronic mail); and (g) any party that has

requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature

of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank]*

33511896.6

WHEREFORE, the Debtors respectfully request entry of the Proposed Order, substantially in the form attached hereto, granting the relief requested herein and granting such other relief as is just and proper.

Dated:    August 29, 2025
Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ S. Alexander Faris*
Edmon L. Morton (No. 3856)
Sean M. Beach (No. 4070)
Kenneth J. Enos (No. 4544)
S. Alexander Faris (No. 6278)
Sarah Gawrysiak (No. 7403)
Evan S. Saruk (No. 7452)
1000 North King Street
Rodney Square
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email:  emorton@ycst.com
sbeach@ycst.com
kenos@ycst.com
afaris@ycst.com
sgawrysiak@ycst.com
esaruk@ycst.com

*Proposed Counsel to the Debtors and Debtors in Possession*