IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AGDP HOLDING INC., *et al.*,[1] | Case No. 25-11446 (MFW) |
| Debtors. | (Jointly Administered) |
| | Ref: Docket Nos. 5, 36 & 66 |

**FINAL ORDER (I) AUTHORIZING DEBTORS TO PAY
CERTAIN TAXES AND FEES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of AGDP Holding Inc., and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors"), for entry of a final order (this "Final Order") (i) authorizing the Debtors to remit and pay certain accrued and outstanding prepetition taxes, including sales and use tax, real and personal property tax, income tax, franchise tax, foreign withholding taxes, and similar taxes and fees, and (ii) granting related relief, each as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and opportunity for a hearing

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of the Debtors' federal tax identification number, are AGDP Holding Inc. (6504); Avant Gardner, LLC (6504); AG Management Pool LLC (9962); EZ Festivals LLC (8854); Made Event LLC (6272); and Reynard Productions, LLC (5431). The Debtors' service address is 140 Stewart Ave, Brooklyn, NY 11237, Attn: General Counsel.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to them in the Motion.

on the Motion having been given; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The relief requested in the Motion is GRANTED on a final basis as set forth herein.

2. The Debtors are authorized, but not directed, to negotiate, pay, and remit, or otherwise satisfy the Taxes and Fees accrued prior to the Petition Date that will become due and owing in the ordinary course of business during the pendency of these chapter 11 cases, at such time when the Taxes and Fees are payable, in an amount not to exceed $800,000.00.

3. The Debtors are authorized, but not directed, to timely remit payment to the State of New York pursuant to the New York Arrangement, including any payment that may have come due and owing prior to entry of this Final Order. Any modification to the New York Arrangement by the Debtors shall be made in consultation with the Official Committee of Unsecured Creditors.

4. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order without any duty of further inquiry and without liability for following the Debtors' instructions.

5. No payments shall be made pursuant to the relief authorized in this Final Order to any insiders as that term is defined in section 101 (31) of the Bankruptcy Code.

6. The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers, on account of the relief set forth herein, and to replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored as a result of the commencement of these chapter 11 cases.

7. Nothing in this Final Order constitutes (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim or interest under applicable law or nonbankruptcy law; (c) a promise or requirement to pay any claim; (d) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (e) a request for or granting of approval for assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code; or (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates.  Any payment made pursuant to this Final Order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' or any party in interest's rights to subsequently dispute such claim.

8. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

10. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Final Order.

Dated: September 2nd, 2025
Wilmington, Delaware

MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE