**EXHIBIT B**

# WHITE STAR FUNDING INC.'s D/B/A TVT CAP'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO THE COMMITTEE

## DEFINITIONS AND INSTRUCTIONS

1. Any capitalized term not defined herein shall have the definition set forth in the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure or section 101 of Title 11 of the United States Code (the "**Bankruptcy Code**").

2. The term "and" and "or" shall be construed either disjunctively or conjunctively and the singular shall be deemed to include the plural and vice versa as necessary to bring within the scope of these requests all documents which might otherwise be construed to be outside of the scope.

3. The term "document" or "documents" means the original and all non-identical copies of any printed, typewritten, handwritten, photocopied, filmed and microfilmed, faxed, photographed, taped, recorded or graphic matters of reproduction thereof of every kind, character or description or any means of electrical storage in the actual or constructive possession, care, custody or control of the Debtor, including without limitation, notes, correspondence, memoranda, contracts and subcontracts, agreements, proposals, books, phone records, invoices, expense account documentation, letters, telegrams, brochures, reports, maps, charts, graphs, translations, drawings, sketches, pictures, specifications, blueprints, work papers, calendar and diary entries, statements, ledgers, records, receipts, bulletins, transcripts, records of telephone conversations, minutes or records of conferences, expenses or statements of policy, minutes or records of meetings, lists of persons attending meetings or conferences, reports and/or summaries of negotiations, photographs, pamphlets, advertisements, circulars, trade letters, press releases, drafts of any documents, handwritten or typewritten notes, computer tapes or printouts whether original or reproductions, however produced or reproduced, and all copies of any documents that are marked

with any notation or which in any other way differ from the original or other copies, voice recordings whether on tape, record, disc or other medium.

4. The term "all documents relating to", when used herein, means a request for every document (as defined in paragraph 3, supra), which comprises, refers, reflects, discusses, underlines, comments upon, concerns, forms the basis for, analyzes or mentions in any way, directly or indirectly, the subject matter of the paragraph containing the term.

5. The term "communication" means any manner or form of information or message transmission, however produced or reproduced, whether by document, orally or otherwise, which was made, distributed or circulated between or among persons or data storage or processing units and any and all documents containing, consisting of, relating or referring, in any way, either directly or indirectly to a "communication." The term includes any correspondence or memorandum and any conversation, discussion, meeting, conference, or any other oral statement.

6. The term "concerning" means containing, consisting of, relating to, referring to, describing, supporting, refuting, or constituting.

7. The term "including" means "including but not limited to".

8. The term "person" shall mean all natural persons, partnerships, associations, firms, organizations, businesses, trusts, public entities, and any other form of business or non-business entity.

9. The term "you" and any variation thereof ("your," "yours," etc.) refers to the Committee, their attorneys and any other person or entity acting on its behalf.

10. The term "Affiliate" shall have same meaning as in the Bankruptcy Code.

11. The term "Bankruptcy Case" shall mean this current chapter 11 case in the above-captioned cases.

5

12. The term "Committee" shall mean the official committee of unsecured creditors for these chapter 11 cases.

13. The term "DIP Lender" shall mean Axar Capital Management LP and its Affiliates.

14. The term "Debtors" shall mean AGDP Holding Inc.; Avant Gardner, LLC; AG Management Pool LLC; EZ Festivals LLC; Made Event LLC; and Reynard Productions, LLC.

15. The term "Term Sheet" shall mean the Settlement Term Sheet filed as D.I. 206.

16. All documents are to be produced, both originals and non-identical copies, with any identifying labels, file markings or similar identifying features, and shall be organized and labeled to correspond to the appropriate requests herein.

17. When, after reasonable and thorough investigation using due diligence, Debtors are unable to produce a document or documents requested, Debtors are to specify in full and complete detail whether such document or documents existed or exists and, if so, the reason the document is not available for production.

18. If any responsive documents or parts of documents have been destroyed, deleted, or otherwise disposed of, a list shall be provided setting forth as to each such document the following information to the extent known: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author of the document; (v) the recipients of the document; (vi) the date on which the document was destroyed, deleted, or otherwise disposed of; (vii) the person or program that destroyed, deleted, or otherwise disposed of.

19. If a claim of privilege is asserted with respect to any of the requests herein, and any responsive documents or portions of responsive documents are withheld on such basis, written objections to such request shall identify the nature of the privilege being claimed and, if the privilege is being asserted in connection with a claim or defense governed by state and/or federal

6

law, the state law or federal law privilege being invoked, and the responding party shall provide at the time of the response to this demand, a list setting forth as to each document or portion of document withheld the following information: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author of the document; (v) the recipients of the documents; (vi) the relationship of the author of the document to the recipients of the document; and (vii) the privilege claimed as to the document, all with sufficient specificity to permit the Court to make a full determination whether the claim of privilege is valid, each and every fact or basis upon which Debtor claims such privilege.

20. In connection with any objection or request for relief with respect to the document requests herein, the objecting party shall (i) simultaneously file a copy of the document request or answer, and (ii) specify and quote verbatim each relevant document request or answer. Immediately following each such specification, the objecting party shall set forth the basis of the objection or relief requested. Any such objection or request for relief shall state all grounds with specificity. Any ground not stated in such objection or request for relief within the time provided by the Federal Rules of Civil Procedure as made applicable by the Federal Rules of Bankruptcy Procedure shall be deemed waived. If objection is made to a portion of any request, please produce documents in response to the non-objectionable portion of the request.

21. Unless otherwise specified, the time period of these demands requested is from [] through and including the date of this First Demand for Document Production.

22. This request shall be deemed continuing so as to require further supplemental production by Debtor its agents or employees in the event they obtain or discover additional documents between the time of initial production and the time of any hearing or trial in this matter.

23. TVT Cap reserves the right to amend this request and to request additional documents relating to different subject matter and time periods.

24. TVT Cap reserves the right to amend this request and to request additional documents.

**DOCUMENT DEMANDS**

1. Copies of all documents relating to the Term Sheet and proposed settlement.

2. Copies of all documents produced to the Committee by the Debtors and/or DIP Lender.

3. Copies of all deposition transcripts of the Debtors and DIP Lender and all exhibits thereto.

4. Copies of all communications between the Committee and Debtor and/or DIP Lender regarding the Committee's objection and the settlement of that objection that resulted in the term sheet.

5. Copies of any valuations of the Debtor by the Committee's professionals or in the possession of Committee counsel.

6. Copies of the declarations filed under seal and the accompanying exhibits.

7. Copies of non-disclosure agreements and/or protective orders relating to any of the above.

4938-0982-0017