# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AGDP HOLDING INC., *et al.*,[1] | Case No. 25-11446 (MFW) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: October 22, 2025 at 10:30 a.m. (ET)<br>Objection Deadline: At The Hearing |

**MOTION FOR ENTRY OF AN ORDER AUTHORIZING TVT CAPITAL SOURCE LLC, INSTA FUNDING LLC, AND PINNACLE BUSINESS FUNDING LLC TO FILE UNDER SEAL ITS OBJECTION TO DEBTORS' MOTION PURSUANT TO SECTIONS 105 AND 363(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 FOR AN ORDER APPROVING SETTLEMENT BY AND AMONG THE DEBTORS, AXAR CAPITAL MANAGEMENT LP, AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

TVT Capital Source, LLC, Insta Funding, LLC, and Pinnacle Business Funding LLC (collectively, the "MCA Funders") by and through their undersigned counsel, respectfully submit this motion (the "Motion to Seal") seeking entry of an order pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(d) of the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the MCA Funders to file under seal the *Objection Of TVT Capital Source LLC, Insta Funding LLC, And Pinnacle Business Funding LLC To Debtors' Motion Pursuant To Sections 105 And 363(B) Of The Bankruptcy Code And Bankruptcy Rule 9019 For An Order Approving Settlement By And Among The Debtors, Axar Capital Management LP, And*

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of the Debtors' federal tax identification number, are AGDP Holding Inc. (6504); Avant Gardner, LLC (6504); AG Management Pool LLC (9962); EZ Festivals LLC (8854); Made Event LLC (6272); and Reynard Productions, LLC (5431). The Debtors' service address is 140 Stewart Ave, Brooklyn, NY 11237, Attn: General Counsel.

10032418

*The Official Committee Of Unsecured Creditors* [Docket No. 309], filed on October 15, 2025 (the "<u>Objection</u>"), including the supporting declaration and exhibits attached thereto. In support of this Motion to Seal, the MCA Funders respectfully state as follows:

## RELIEF REQUESTED

1. By this Motion to Seal, pursuant to section 107(b) of the Bankruptcy Code, Rule 9018 of the Bankruptcy Rules, and Rule 9018-1 of the Local Rules, the MCA Funders respectfully request entry of an order (the "<u>Proposed Order</u>"), substantially in the form attached hereto as **Exhibit A**, authorizing the MCA Funders to file the Objection and certain Exhibits under seal.

## JURISDICTION

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. The statutory predicates for the relief requested herein are section 107 of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

4. Pursuant to Local Rule 9013-1(f), the MCA Funders hereby consent to the entry of a final order in connection with the Motion to Seal if it is determined that this Court cannot, absent the consent of the parties, enter such final order consistent with Article III of the United States Constitution.

## BACKGROUND

5. On August 4, 2025 (the "<u>Petition Date</u>"), the Debtors commenced with the Court a voluntary case under the Bankruptcy Code. The Debtors are authorized to continue operating its

10032418

businesses and managing its properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. The relevant factual background is set forth in the Objection. The MCA Funders hereby incorporate the Objection by reference as if it were fully set forth herein.

7. On October 15, 2025, the MCA Funders filed the Objection and certain exhibits attached thereto (the "Exhibits" and, together with the Objection, the "Objection Documents"). In the Objection Documents, the MCA Funders refer to, quote, and attach documents marked as confidential by the Debtors that purportedly contain sensitive business information, trade secrets, or other related confidential information (the "Confidential Information").

## BASIS FOR RELIEF REQUESTED

8. Section 105(a) of the Bankruptcy Code codifies the inherent equitable powers of the bankruptcy court and empowers the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of harmful matter. *See* 11 U.S.C. § 107(b).

9. Section 107(b) of the Bankruptcy Code provides this Court with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain information. The section provides, in relevant part: "On request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ." 11 U.S.C. § 107(b)(1).

10. Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under section 107(b), and provides, in relevant part, that "the court may make any order

which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information[.]" Fed. R. Bankr. P. 9018. Local Rule 9018-1(d) requires that a party seeking to file documents under seal file a motion requesting such relief. Del. Bankr. L.R. 9018-1(d).

11. Unlike its counterpart in rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking protection thereunder to demonstrate "good cause." *See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp.* (*In re Orion Pictures Corp.*), 21 F.3d 24, 28 (2d Cir. 1994); *Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995). Instead, the moving party simply must demonstrate that the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code.

12. Here, the Objection Documents contain information marked as confidential by the Debtors that presumably contain sensitive business information, trade secrets, or other confidential information. Absent consent, the MCA Funders believe that they are required to protect such information under Fed. R. Bankr. P. 9018 and Local Rule 9018-1. Thus, the MCA Funders bring this Motion to Seal to protect the confidentiality rights of all parties. The MCA Funders submit that the Confidential Information contained in the Objection Documents falls within the scope of the type of information that must be protected pursuant to section 107(b)(1). The MCA Funders therefore believe that the relief requested is appropriate and necessary under the circumstances.

13. The MCA Funders have filed the Objection Documents under seal. Consistent with the Local Rules, the MCA Funders are filing a proposed redacted version of the Objection Documents substantially contemporaneously herewith.

## COMPLIANCE WITH LOCAL RULE 9018-1(d)

14. To the best of the knowledge, information, and belief of the undersigned counsel to the MCA Funders, the Objection Documents contain information that is or may be confidential, as contemplated by Local Rule 9018-1(d). Considering the relief requested in the Objection and the plain language of Fed. R. Bankr. P. 9018 the MCA Funders believe that requested relief is appropriate. The MCA Funders have conferred with the Debtors, and the Debtors have consented to the proposed redactions submitted herewith.

## NOTICE

15. Notice of this Motion to Seal has been provided to (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Committee; and (c) any party that has requested service pursuant to Bankruptcy Rule 2002.

**WHEREFORE**, the MCA Funders respectfully request that the Court enter an order substantially in the form attached hereto as **Exhibit A**, granting the relief requested by this Motion and granting such other relief as may be just and proper.

Dated: October 17, 2025

*/s/ Cheryl A. Santaniello*
Cheryl A. Santaniello, Esq. (DE Bar No. 5062)
Porzio, Bromberg & Newman, P.C.
300 Delaware Avenue, Suite 1220
Wilmington, Delaware 19801
Telephone: (302) 526-1235
Facsimile: (302) 416-6064
Email: casantaniello@pbnlaw.com

-and-

Rachel A. Parisi, Esq. (*Pro Hac Vice*)
Christopher P. Mazza, Esq. (*Pro Hac Vice*)
Michael F. Medved, Esq. (*Pro Hac Vice*)
Porzio, Bromberg & Newman, P.C.
100 Southgate Parkway
P.O. Box 1997
Morristown, New Jersey 07962

10032418

Telephone: (973) 538-4006
Facsimile: (973) 538-5146
Email: raparisi@pbnlaw.com
Email: cpmazza@pbnlaw.com
Email: mfmedved@pbnlaw.com

*Counsel to TVT Capital Source, LLC, Insta Funding, LLC, and Pinnacle Business Funding LLC*

10032418